IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **BRIAN MILLER,** | )( | Civil Action No.: 3:18-cv-284 |
| *Plaintiff,* | )( | |
| V. | )( | |
| **CITY OF TEXAS CITY, TEXAS;** | )( | |
| **OFFICER R. DRICKS,** *Individually;* **and** | )( | |
| **SERGEANT B. MACIK,** *Individually* | )( | |
| *Defendants.* | )( | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

**NOW COMES** Plaintiff BRIAN MILLER complaining of the CITY OF TEXAS CITY, TEXAS; OFFICER R. DRICKS, *individually;* and SERGEANT B. MACIK, *individually;* and will show the Court the following:

### NUTSHELL

1.  Brian Miller was arrested by Officer Dricks and Sergeant Macik of the Texas City Police Department. While Brian was laying on the ground in the prone position, Dricks clubbed Brian in the head three times with the butt of a pistol, breaking Brian's jaw and giving Brian a concussion. While Brian was still laying on the ground, Macik tased Brian, causing further injury. Brian required extensive surgery and had to have his jaw wired shut as a result of the attack.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any. Venue is proper in this Court, under 28 U.S.C. § 1391(b) because the incident at issue took place in Galveston County, Texas within the United States

Southern District of Texas.

## PARTIES

3. Plaintiff Brian Miller is a resident of Galveston County, Texas.

4. The CITY OF TEXAS CITY ("the City") is a municipality organized under the laws of the State of Texas which, as a home-rule municipality and through the City's Charter, has created a police department, the Texas City Police Department ("TCPD"), through which the City is responsible for the implementation of TCPD policies, procedures, practices and customs, as well as the acts and omissions of its police officers, including all of the above-named police officers. The City may be served by serving Mayor Matthew Doyle at City Hall located at 1801 9th Avenue North, Texas City, Texas 77592.

5. Defendant OFFICER R. DRICKS is sued in his individual capacity and can be served with process at the Texas City Police Department at 1004 9th Ave North, Texas City, TX 77590 or wherever he is found.

6. Defendant SERGEANT B. MACIK is sued in his individual capacity and can be served with process at the Texas City Police Department at 1004 9th Ave North, Texas City, TX 77590 or wherever he is found.

## FACTS

7. On the evening of October 8, 2017, Brian was pursued by Sergeant Macik of the Texas City Police Department. Brian parked the truck he was driving in his father's driveway, and exited the vehicle, quickly laying face down to indicate surrender. See video at **Exhibit 1** *which is hand delivered to the clerk of the court for inclusion in the file.*

8. Dricks arrived on scene and approached Brian, then jumped on top of him. As Brian was laying on the ground in the prone position, Dricks clubbed Brian in the head with the butt of

his loaded gun. When Brian screamed in pain, Dricks clubbed Brian again. Once again, Brian screamed in pain, and Dricks clubbed Brian a third time. While Brian writhed in agony from his injuries, Macik tased him, causing additional pain. As a direct result of the officers' actions, Brian sustained a broken jaw and a concussion.

9. Brian was eventually examined by a paramedic, who determined that Brian should be transported to the hospital due to the severity of his injuries. Brian then was transported to Mainland Medical Center to have his injuries treated. After an evaluation, it was determined that Brian's injuries were so severe that he was deemed medically unfit to be taken to jail.

10. The actions of Dricks and Macik were determined to be consistent with department policy after an IAD investiagtion, thereby ratifying the behavior.

## VIOLATION OF THE 4TH AND 14TH FOURTEENTH AMENDMENTS

11. Plaintiff incorporates all preceding paragraphs as if set fully set forth herein.

12. The Fourth Amendments guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV*. The 14th Amendment allows for due process of law. Such violations are actionable pursuant to 42 U.S.C. Section 1983 and 1988.

13. The force used by the individually named defendants, was in great excess to the need to use such force and constituted an Unreasonable Seizure of Brian and violated his due process rights under the 14th Amendment. The defendant Dricks unlawfully struck Brian in the face with the butt of a pistol in violation of the 4th and 14th Amendments. The defendants severely injured Brian, breaking his jaw and causing other injuries. Additionally, the tasing constituted excessive force as well.

14. The City of Texas City has a custom, policy, practice, and procedure of using

excessive force on individuals and not disciplining or training officers adequately and is therefore liable under 42 U.S.C. Section 1983 and 1988. There is a pattern and practice of excessive force and condoning excessive force. This pattern and practice was ratified by Texas City Police Department when the department determined that the officers' actions were consistent with department policy.

## ASSAULT AND BATTERY

15. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

16. The individually named defendants Dricks and Macik committed assault upon Brian and caused the damages described herein.

## LIABILTY FOR FAILURE TO INTERVENE

17. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

18. A law enforcement officer "who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). Although *Hale* most often applies in the context of excessive force claims, this Court recognized that other constitutional violations also may support a theory of bystander liability. *Whitley v. Hanna*, 726 F.3d 631, 646 n. 11 (5th Cir. 2013)(citing *Richie v. Wharton County Sheriff's Dep't Star Team*, No. 12–20014, 2013 WL 616962, at *2 (5th Cir. Feb. 19, 2013)(per curiam) (unpublished)(noting that plaintiff failed to allege facts suggesting that officers "were liable under a theory of bystander liability for failing to prevent ... other member[s] from committing constitutional violations")). Further, the Second Circuit has stated that "law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir.1994). *See* also, *Byrd v. Brishke*,

466 F.2d 6, 11 (7th Cir. 1972)("we believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge."). Thus, an officer such as Sergeant Macik may be liable under § 1983 under a theory of bystander liability when the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley*, 726 F.3d at 646.

## MENTAL ANGUISH

19. Plaintiff incorporates all preceding paragraphs as if set fully set forth herein.

20. Brian suffered at least anxiety, fear, anger and depression because of the acts of the individually named defendants and the City of Texas City and, therefore, Brian seeks damages for mental anguish past and future as well as the pain and suffering, past and future, and other damages set forth above.

## PUNITIVE DAMAGES

21. Plaintiff incorporates all preceding paragraphs as if set fully herein.

22. The individually named defendants actions and inactions cause them to be liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscience.

## ATTORNEYS' FEES

23. Plaintiff is entitled to recover attorneys' fees and costs to enforce his Constitutional rights and under 42 U.S.C. Sections 1983 and 1988.

## JURY TRIAL

24.     Plaintiff requests a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brian Miller requests that the Court:

A.     Enter judgment for the plaintiff and against the individual defendants and the City of Texas City holding them jointly and severally liable;

B.     Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all defendants;

C.     Award damages to Plaintiff for the violations of his Constitutional rights;

D.     Award Pre- and post-judgement interest;

E.     Award Punitive damages against each and every individually named defendant, and

F.     Grant such other and further relief as appears reasonable and just, to which plaintiff shows himself entitled.

Respectfully Submitted,

/s/ Randall L. Kallinen
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas No. 00790995
Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:    713.783.2677
FAX:          713.893.6737
E-mail:AttorneyKallinen@aol.com
Attorney for Plaintiff